IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HENRY B. O'NEAL,

    Plaintiff,

vs.                                                                          CIV No. 97-1269 MV/LFG

FERGUSON CONSTRUCTION CO.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on remand from the Tenth Circuit. Plaintiff submitted a motion for attorneys' fees for work performed on appeal. The Tenth Circuit remanded the issue to this Court for determination. The Court, after considering the motion, response, relevant law and otherwise being fully informed, finds that the motion is well-taken and will be **GRANTED in part.**

### BACKGROUND

In this employment discrimination case, Plaintiff Henry O'Neal prevailed at trial on some of his claims when the jury returned a verdict in his favor specifying $305,721.25 in compensatory damages and $3,500 in punitive damages. Mr. O'Neal, a former long-time employee of Defendant Ferguson Construction Company, had alleged that Ferguson discriminated against him on the basis of his race by creating a hostile work environment, retaliated against him when he filed a discrimination charge with the Equal Employment Opportunity Commission, and retaliated

1

further when he filed a retaliation charge with the EEOC. In its special verdict, the jury found in favor of Ferguson on the hostile environment claim, found that retaliation was a motivating factor in Ferguson's decision to reduce Mr. O'Neal's work hours and to terminate him, and also found that Ferguson did not prove that it would have taken the same decisions in the absence of an impermissible motive. Lastly, the jury found that Ferguson's actions had been malicious, willful, and in gross disregard for Mr. O'Neal's rights. The Court entered judgment accordingly.

Ferguson appealed to the Tenth Circuit. The Tench Circuit affirmed this Court's denial of Ferguson's motions for Judgment as a Matter of Law and Remittur, and found that this Court properly submitted Mr. O'Neal's claims to the jury. Mr. O'Neal brought this request for attorneys' fees on appeal initially to the Tenth Circuit. The Tenth Circuit remanded this issue to this Court for determination.

## DISCUSSION

Mr. O'Neal seeks attorneys' fees pursuant to 42 U.S.C. § 1988. Ferguson does not contest that Mr. O'Neal is entitled to attorneys' fees. Mr. O'Neal is entitled to attorneys' fees for work done on appeal. In federal civil rights cases, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. Congress intended to permit an award of counsel fees only when a party has prevailed on the merits. 42 U.S.C. § 1988; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A party is deemed a "prevailing party" if he or she "succeeds on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit." *Id.* Based upon this standard, the Court finds that Mr. O'Neal was a prevailing party on appeal.

The finding that Mr. O'Neal is a prevailing party, however, only brings the plaintiff across the statutory threshold, allowing him to petition the Court for fees. *Hensley*, 461 U.S. at 433. Plaintiff now bears the burden of establishing that the amount of fees and costs he requests are reasonable. *Id.* To make the initial determination of what amount is a reasonable fee, the court should take "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The product of this multiplication is called the lodestar. The lodestar provides an "objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.*

Ferguson contests only that portion of Mr. O'Neal's request for fees that relate to settlement negotiations or attempts upon execution of the judgment. Mr. O'Neal did not file a reply to rebut Ferguson's contention that certain claimed expenses do not relate to the appeal. Ferguson does not contest the rate requested or the amount of time spent on pursuing the case on appeal. Upon its own review, the Court finds that with the exception of the entries relating to settlement negotiations or upon execution of the judgment, the time spent in pursuing the appeal was reasonable. Further, the Court, in its prior award of attorneys' fees for work performed at trial, found that the hourly rates requested by counsel were reasonable.

The Court agrees with Ferguson that time spent in settlement negotiations or attempts upon execution of the judgment are not related to the appeal and are therefore not compensable. Therefore, the Court will reduce Holly Harvey's award by 9.6 hours or $1,104.00, and John Travers' award by 1.3 hours, or $195.00. The total amount to be awarded will be $6,578.00 for Holly Harvey and $5,400.00 for John Travers, for a total of $11,978.00.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff O'Neal will be awarded attorneys' fees for appellate work in the amount of $11,978.00 plus interest from the date of this Order.

Dated this 17th day of September, 2001.

_____
MARTHA VAZQUEZ
U. S. DISTRICT JUDGE

Attorneys for Plaintiffs:
Holly Harvey
John Travers

Attorney for Defendant:
W.T. Martin, Jr.